AMERICAN EQUITABLE ASSURANCE COMPANY, A NEW YORK CORPORATION, AND NEW YORK FIRE INSURANCE COMPANY, A NEW YORK CORPORATION, PLAINTIFFS, v. CHICAGO LLOYDS, AN UNINCORPORATED ASSOCIATION, AND ASSOCIATED UNDERWRITERS, INCORPORATED, AN ILLINOIS CORPORATION, DEFENDANTS.

Decided February 3, 1932.

For the plaintiffs, *Lionel P. Kristeller.*

For the defendants, *Wurts & Plympton* (*Louis O. Bergh,* of counsel).

PORTER, S. C. C. The motion is to strike out the answer because it is claimed to be sham and frivolous.

The suit is to recover on a fire loss by the plaintiff insurance companies, insurers, against the defendants. The amount sued for is $6,171.19.

It appears from the pleadings and affidavit that H. M. Gould as agent for the defendants authorized a firm of insurance agents and brokers, Brodie-Heebner-Norton, Limited, in San Francisco, to issue a reinsurance contract of a certain risk on July 25th, 1930. This firm issued a binder purporting to bind the defendants to the plaintiff for reinsurance on property of the North Pacfic Grain Growers, Incorporated, who suffered a loss by fire on October 27th, 1930. The binder was extended to October 1st and then to November 1st.

The defendants deny liability. They say that the broker had no authority to issue the binder or the renewals; that there was no consideration for the same; that no premiums were paid; that the conditions of any authority which existed were not complied with; and, further, that the contract was void under the laws of California.

In support of the motion the plaintiff submits an affidavit of John A. Campbell, a vice-president of the plaintiff American Equitable Assurance Company, who says he has full knowledge of the facts. It does not appear that he personally acted in the matter, but rather it seems clear that his information is obtained otherwise.

Mr. Campbell's affidavit is answered on behalf of the defendant by Cyril A. Farwell, an assistant secretary of the defendant Associated Underwriters, Incorporated, who likewise says he has full knowledge of the facts but whose knowledge seems to be of the same character as that of Mr. Campbell. This affidavit is more of an argument in answer to Mr. Campbell than it is a recital of known facts.

Both affidavits are clearly based on the documentary evidence, copies of which are attached, and none of which is in dispute.

Then there is an affidavit for the defendants of Victor E. Cappa, a New York and California lawyer, who argues the statute law and decisions of California.

The defendant also has an affidavit of its agent, H. M. Gould, who was one of the parties to the original transaction and who made the terms of the contract.

The issues raised by the pleadings and exhibits are not disposed of by these affidavits which are made up, as stated, largely of argument, conclusions and hearsay.

It does not appear to me after considering the pleadings, affidavits, exhibits and briefs that the answer is frivolous or sham. While some of the defenses do not impress me very strongly, there are some important questions of fact raised. There is no proof that the binder was in fact delivered or that it was subsequently extended twice, or by whom, and under what circumstances and authority. Nor is there sufficent proof of the loss.

These affidavits do not satisfy me that there is no defense or that the defense is a mere pretense.

The motion is denied, without costs.